UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DEWAYNE PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>YESEMA SANCHEZ,<br><br>Defendant. | Case No. 25-cv-05263-SVK<br><br>**ORDER REGARDING APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>Re: Dkt. No. 3 |

On June 23, 2025, self-represented plaintiff Randy Dewayne Pittman filed a complaint for injunctive and declaratory relief, as well as compensatory and punitive damages, against Defendant for alleged violations of his First and Fourteenth Amendment rights. Dkt. 1. At the same time, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). Dkt. 3. Having considered the application, the Court determines that it will benefit from a **supplemental declaration** filed by Plaintiff to address additional questions.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without prepayment of fees by a person who submits an affidavit, including a statement of the person's assets, that establishes that the person is unable to pay such fees. "The right to proceed without prepayment of fees in a civil case is a privilege and not a right." *Elmer v. Comm'r of Soc. Sec.*, No. 22-cv-01045-SAB, 2022 WL 5237463, at *1 (E.D. Cal. Sept. 21, 2022), *report and recommendation adopted,* No. 22-cv-1045-AWI (SAB), 2022 WL 9452375 (E.D. Cal. Oct. 14, 2022) (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993)). Although Section 1915(a) "does not itself define what constitutes insufficient assets," a plaintiff seeking IFP status "must allege poverty with some particularity, definiteness and certainty." *Balik v. City of Cedar Falls*, No. 16-CV-04070-LHK, 2016 WL 4492589, at *2 (N.D. Cal. Aug. 26, 2016).

Plaintiff's IFP application is technically complete, but certain information that appears inconsistent between Plaintiff's IFP application and his Complaint raises questions that, at this time, weigh against granting the application. It is "within the court's discretion to make a factual inquiry into a claim of poverty" when considering a plaintiff's IFP application. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (internal citations and quotation marks omitted). Accordingly, the Court **ORDERS** Plaintiff to file a supplemental declaration answering the following questions:

1. Plaintiff states that he receives "$150 per month in general assistance" from either Santa Clara County or the State of California. Dkt. 3 at 2. However, Plaintiff's Complaint alleges that he is "a resident of Alabama." Dkt. 1, ¶ 6. Accordingly, Plaintiff **shall answer:**
   a. "Were you ever or are you currently a resident of Santa Clara County or the State of California? If so, identify the dates of residency."
   b. "Are you receiving any money from the State of Alabama or any county therein? If so, how much and how often?
2. Plaintiff states that his monthly expenses for "Rent," "Food," "Utilities," and "Clothing" are $0 each. However, Plaintiff's Complaint alleges that the letter precipitating this suit was returned to Mr. Pittman unopened by the USPS (*id.*, ¶ 9), suggesting that Plaintiff has an address. Accordingly, Plaintiff **shall answer:**
   a. "Confirm location of your current residence, if any."
   b. "Provide a brief explanation of how your rent, food and utilities costs are $0 (for example, are they covered by a third party, such as relatives?)"

Plaintiff should submit a supplemental declaration answering the questions above, **no later than August 15, 2025.** If Plaintiff does not submit a supplemental declaration, the Court will proceed to analyze Plaintiff's IFP application as-is, which may result in its denial.

////

////

////

2

**SO ORDERED.**

Dated: July 18, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge